# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PAUL CUNNINGHAM, ) | CASE NO. 5:17 CV 2432 |
| ) | |
| Plaintiff, ) | JUDGE DAN AARON POLSTER |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM OF OPINION** |
| U.S. DEP'T OF HOUSING AND ) | **AND ORDER** |
| URBAN DEVELOPMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

*Pro se* Plaintiff Paul Cunningham filed this action in the Portage County Court of Common Pleas as an "Administrative Appeal" of a Portage County Metropolitan Housing Authority ("PMHA") decision to revoke his housing voucher. He also challenges a municipal court eviction judgment. Plaintiff names the United States Department of Housing and Urban Development ("HUD"), PMHA, PMHA Case Worker Amy Bowers, PMHA Caseworker Marie Johnson, and PMHA Director Pamela Calhoun as Defendants. He does not assert legal causes of action against these Defendants; however, he seeks monetary damages, and return of his voucher.

The United States removed this action to this Federal Court on November 21, 2017, and filed a Motion to Dismiss for lack of subject matter jurisdiction under Federal Civil Procedure Rule 12(b)(1) and for failure to state a claim upon which relief may be granted under Rule 12(b)(6). For

the reasons stated below, that Motion is granted, and this case is dismissed against all Defendants for lack of subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff's Complaint contains few factual allegations making it difficult to decipher. It appears that Plaintiff was a recipient of a Section 8 Housing Choice Voucher. The National Housing Act, 12 U.S.C. § 1701, et seq., authorizes the Section 8 program, which is a tenant-based housing choice voucher program providing individuals, such as the Plaintiff, with a rent subsidy. The Secretary of HUD is authorized by the Housing Act, 42 U.S.C. § 1437f, to enter into annual contribution contracts with public housing agencies who, in turn, may enter into contracts to make assistance payments to owners of existing housing units in accordance with the Housing Choice Voucher Program. 42 U.S.C. § 1437f (b)(1). HUD provides housing assistance funds and program administration funds to the public housing authorities and the public housing authorities develop their own policies for admission and participation in the Housing Choice Voucher Program. 24 C.F.R. § 982.202.

It appears from the limited information in the Complaint, that Plaintiff and his landlord had a dispute regarding Plaintiff's obligation to pay rent in light of the current the condition of the property. Plaintiff contends the landlord did not make required repairs nor fulfill terms of their lease agreement. He states that "the landlord was abated" but it is possible he means that his rent was abated or that he withheld rent until the repairs were completed. (Doc. # 1-1 PageID#: 6). The landlord filed an eviction action for non-payment of rent and obtained a judgment against Plaintiff. It appears this

triggered revocation of his voucher by PMHA. Plaintiff requested the presence of another individual at the informal PMHA hearing, but she was not permitted to attend.

Plaintiff filed a Motion to Amend his Complaint (Doc. #12) as well as a Motion to Amend Service (Doc. #10), a Motion to Amend and Correct Docket of Government (Doc. # 11), and a Motion to Proceed *In Forma Pauperis* (Doc. #14). The Motions do not change or enhance his factual allegations nor do any of them specify legal causes of action against the Defendants named in the action. He alleges the landlord retaliated against him for complaining about the condition of the property, but the landlord is not a party to this action. He asks this Court to revisit the eviction action, overturn the judgment, and order PMHA to restore his voucher. He also seeks an award of monetary damages.

The United States filed a Motion to Dismiss (Doc. # 5) for lack of subject matter jurisdiction, citing sovereign immunity. In addition, the government contends Plaintiff failed to state a claim upon which relief could be granted, stating he did not allege HUD owed a duty to him or took any actions that violated any law.

## II.  STANDARD OF REVIEW

Federal Civil Procedure Rule 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the Complaint. Fed.R.Civ.P. 12(b)(1). Generally, Fed.R.Civ.P. 12(b)(1) motions fall into two categories: facial attacks and factual attacks. Fed.R.Civ.P. 12(b)(1); *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack challenges the sufficiency of the pleading itself. In contrast, a factual attack challenges the factual existence of subject matter

jurisdiction. *See In re Title Ins. Antitrust Cases*, 702 F.Supp.2d 840, 884-85 (N.D. Ohio 2010), citing, *Ohio Hosp. Ass'n v. Shalala*, 978 F.Supp. 735, 739 (N.D. Ohio. 1997). The Defendant facially attacks subject matter jurisdiction, and this Court therefore must accept the Plaintiff's material allegations in the Complaint as true. *Ritchie*, 15 F.3d at 598. The Plaintiff has the burden of proving subject matter jurisdiction in order to survive a Motion to Dismiss pursuant to Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990). Because federal courts are always under an independent obligation to examine their own jurisdiction, and may not entertain an action over which jurisdiction is lacking, the Court may address jurisdiction on its own Motion at any stage of the proceedings. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990); *Curry v. U.S. Bulk Transport, Inc*. 462 F.3d 536, 539-40 (6th Cir. 2006); *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir.1988).

When deciding a Motion to Dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and recently in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) clarified the law regarding what the Plaintiff must plead in order to survive a Motion to Dismiss under Rule 12(b)(6).

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to

relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 677-78 , further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.*

The Sixth Circuit has held that a court may consider allegations contained in the Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a Motion for Summary Judgment. FED. R. CIV. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

### III. ANALYSIS

The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the Court's subject matter jurisdiction. *McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *U.S. v. King*, 395 U.S. 1,4 (1969); *Soriano v. U.S.*, 352 U.S. 270, 276 (1957). Sovereign immunity extends to agents and officers of the United States to the extent they are sued in their official capacities. *Spalding v. Vilas*, 161 U.S. 483, 498 (1896).

Plaintiff therefore must point to some statute waiving sovereign immunity for the type of suit which he now brings. He, however, has not pointed to any such statute. Moreover, while *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Plaintiff has not referred the Court to any statutory or case law authority which would allow him to maintain an action against the United States. The United States has not waived sovereign immunity and this Court lacks subject matter jurisdiction over claims against HUD.

Furthermore, Plaintiff has not established a basis for subject matter jurisdiction over the other Defendants named in this action. It appears Plaintiff is seeking appellate review of a state court eviction judgment in the hope that reversal of that decision will give him grounds to request reconsideration of the recission of his housing voucher. This Court lacks subject matter jurisdiction to grant that relief.

United States District Courts do not have jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action

was unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt* 688 F.3d 290, 298-99 (6th Cir. 2012).

The Rooker-Feldman doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a).[1] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). This statute was enacted to prevent "end-runs around state court judgments" by requiring litigants seeking review of that judgment to file a writ of certiorari with the United States Supreme Court. The Rooker-Feldman doctrine is based on the negative inference that,

---

[1] 28 U.S.C. § 1257(a) provides:

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

if appellate court review of state judgments is vested in the United States Supreme Court, then such review may not occur in the lower federal courts. *Exxon Mobil Corp.*, 544 U.S. at 283-84; *Kovacic v. Cuyahoga County Dep't of Children and Family Services*, 606 F.3d 301, 308-311 (6th Cir. 2010); *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008).

Rooker-Feldman is a doctrine with narrow application. It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp.*, 544 U.S. at 293; *Berry*, 688 F.3d 298-99. It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion. *Berry*, 688 F.3d 299. Instead, the Rooker-Feldman doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself, and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether Rooker-Feldman bars a claim, the Court must look to the "source of the injury the Plaintiff alleges in the federal Complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299; *Kovacic*, 606 F.3d at 310. If the source of the Plaintiff's injury is the state court judgment itself, then the Rooker-Feldman doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the Plaintiff asserts an independent claim." *Id.*; *see Lawrence*, 531 F.3d at 368-69. In conducting this inquiry, the Court should also consider the Plaintiff's requested relief. *Evans v. Cordray*, No. 09–3998, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011).

In this case, Plaintiff is requesting that this Court revisit the merits of his eviction action. He contends the evidence against him was based on hearsay testimony by the landlord. He claims no tangible evidence was presented to show he owed rent to the landlord. To the extent Plaintiff is seeking review and reversal of the eviction judgment, this Court is without subject matter jurisdiction to grant that relief.

To the extent Plaintiff is asking this Court to hear the eviction action anew and potentially issue a conflicting judgment in his favor, his request is also without merit. Federal Courts must give the same preclusive effect to a state court judgment as that judgment receives in the state courts. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). If Plaintiff cannot file an action in Ohio to retry the issue of his rent payments, he cannot bypass this procedural bar by filing his action in Federal Court. Therefore, the Court must first decide whether the prior eviction action would bar a civil action against the Defendants to relitigate the issues presented in the eviction action. To do this, the Court must apply the Ohio law pertaining to preclusion. *Migra v. Warren City School District Board of Educ.* 465 U.S. 75, 81 (1984).

In Ohio, the doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St.3d 386, 392, 899 N.E.2d 975, 981 (2008). Under the Ohio doctrine of claim preclusion, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman*

*Twp.*, 73 Ohio St.3d 379, 382 (1995). The doctrine of claim preclusion encompasses "all claims which were or might have been litigated in a first lawsuit." *Id*. By contrast, issue preclusion, or collateral estoppel, "precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *MetroHealth Med. Ctr. v. Hoffman-LaRoche, Inc.*, 80 Ohio St.3d 212, 217 (1997). Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994).

In this case, the doctrine of issue preclusion would prevent Plaintiff from filing a civil action in state court to relitigate the issue of his rent payments. The state court necessarily decided the issue of whether Plaintiff breached the term of his lease by failing to pay rent when it granted judgment in favor of the landlord. Plaintiff was a party to that action and could or should have raised his defense at that time. This Court must give full faith and credit to the state court's decision on the issue of nonpayment of rent. Plaintiff is barred from relitigating that matter in this Court.

Finally, Plaintiff failed to establish subject matter jurisdiction because he has not stated any legal claims against the Defendants. The only legal claim referenced in the Complaint is one for retaliation asserted against the landlord. The landlord, however, is not a party to this lawsuit.

### IV. CONCLUSION

Accordingly, Plaintiff's Motion to Amend his Complaint (Doc. #12), Motion to Amend Service (Doc. #10), and a Motion to Amend and Correct Docket of Government (Doc. # 11), and a

Motion to Proceed *In Forma Pauperis* (Doc. #14) are granted. Plaintiff's Motion for Appointment of Counsel (Doc. # 7) is denied. Defendant's Motion to Dismiss (Doc. #5) is granted. This action is **DISMISSED** for lack of subject matter jurisdiction, and for failure to state a claim upon which relief may be granted. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

    *s/Dan Aaron Polster    1/31/2018*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.